H. G. (Harry) CHAPMAN, County Treasurer
of Tulsa County, Oklahoma, Plaintiff
in Error,

v.

TULSA USED LUMBER and WRECKING
COMPANY, a corporation, Defendant
in Error.

No. 37030.

Supreme Court of Oklahoma.

July 2, 1956.

J. Howard Edmondson, County Atty. and Donald D. Cameron, Asst. County Atty., Tulsa, for plaintiff in error.

Houston, Klein & Davidson and Garland Keeling, Tulsa, for defendant in error.

Pinkerton & Wills, Floyd L. Rheam, James E. Bush, Ralph L. Abercrombie, C. N. Haskell, Ray S. Fellows, Charles R. Fellows and Marvin T. Johnson, Tulsa, amici curiæ.

HUNT, Justice.

The defendant in error, Tulsa Used Lumber and Wrecking Company, a corporation, filed this proceeding in the District Court of Tulsa County on January 21, 1955, against the plaintiff in error, H. G. (Harry) Chapman, County Treasurer of Tulsa County, Oklahoma, to recover a portion of the 1954 taxes claimed to have been illegally assessed, and which was paid under protest on property owned by plaintiff, who alleged in its petition that the County Assessor of Tulsa County assessed the property at $10,530, and that upon a hearing on a protest filed by plaintiff before the County Board of Equalization, the Board reduced the assessed value to $4,950; that thereafter the Assessor arbitrarily and illegally extended the valuation on the tax rolls at the original figure of $10,530 without notice to plaintiff; that it did not discover the increase in assessed value until it obtained its tax bill many months after adjournment of the Board of Equalization; that on December 31, 1954, it paid to the Treasurer the assessed taxes in the sum of $433.63, and duly filed written protest with the Treasurer. Plaintiff prayed judgment for recovery of the sum of $229.78, the

alleged amount of taxes illegally collected. The County Treasurer filed answer by general denial, except admissions of certain allegations, but specifically denied that the County Assessor acted illegally, and alleged that within the time provided by statute, to-wit, on July 9, 1954, the County Assessor perfected an appeal from the order of the Board of Equalization, which appeal is No. 87,786 in the District Court of Tulsa County, and that by reason of the appeal therefrom the order of the Board of Equalization reducing the assessed valuation of plaintiff's property is ineffective unless and until it is sustained by the District Court. Thereafter the plaintiff presented a special demurrer directed to that part of defendant's answer wherein it is alleged that the County Assessor appealed from the order of the Board of Equalization to the District Court, and that such appeal rendered the order ineffective. The demurrer was sustained, to which ruling the defendant excepted. On May 16, 1955, the cause and issues were presented and tried in the District Court upon the pleadings and an agreed stipulation of facts, which stipulation was chiefly in accord with the allegations of plaintiff's petition and defendant's answer. The stipulation contained the following language, which was contained in the defendant's answer, and to which demurrer was sustained as hereinabove stated:

"That on the 9th day of July, 1954, and within the time provided by statute therefor, the County Assessor perfected an appeal from the order of the Board of Equalization, which appeal is No. 87,786 in the District Court in and for Tulsa County."

Judgment was rendered in the case for the plaintiff against the defendant for the sum of $229.78, as prayed for by plaintiff. The defendant, County Treasurer, gave notice of appeal and perfected an appeal in this court. Prior to the date of perfecting an appeal an order was entered by the District Court in the case reciting that the term of office of the defendant, H. G. (Harry) Chapman as County Treasurer

had expired and directed that further proceedings in the case be carried on against Joe T. Parkinson, the duly elected and qualified successor in office.

The plaintiff in error, County Treasurer of Tulsa County, assigns as error the action of the District Court in sustaining a demurrer to a portion of his answer and in rendering judgment for the defendant in error. Plaintiff in error begins his brief with the following statement:

"The finding and order of a Board of Equalization is superseded by the perfecting of an assessor's appeal to the District Court from such finding and order."

The defendant in error presents the opposite view.

In other words, did the Assessor's appeal to the District Court of Tulsa County from the valuation fixed by the Board of Equalization leave his original assessment in effect, pending said appeal? If so, his action was proper.

The County Assessor, in making up the 1954 tax rolls used his valuation of the defendant's in error property as previously assessed, and which the taxpayer protested, instead of the valuation fixed by the County Board of Equalization on the protest filed by taxpayer. The property owner, defendant in error, paid under protest taxes assessed against its property by the Assessor, and now asks a refund of that portion of the tax which was based on the valuation beyond and in excess of the valuation fixed by the County Board of Equalization. The record in this case does not establish or show which, or if either, valuation by the Assessor or the Board of Equalization is the correct and proper valuation of the property. That question is now before the District Court on the Assessor's appeal and cannot be determined in this action. 68 O.S.1951 § 15.49 reads:

"The proceedings before the Boards of Equalization and appeals therefrom, shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable rem-

edies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made."

Before any judgment can be rendered in this proceeding it must be finally determined and established, in the manner provided by statute, what the true and proper assessed value of plaintiff's property was, or should have been, for the 1954 tax year, and the burden of showing and establishing such fact rests on the party seeking to recover a refund of any portion of its tax. The County Assessor, as shown by the stipulation of facts, appealed to the District Court of Tulsa County from the order of the County Board of Equalization, fixing the assessed valuation of the property involved. The right of appeal from such order is given to the Assessor, as well as to a property owner under Title 68 O.S.1951 § 15.42, which provides:

"Both the taxpayer and the County Assessor shall have the right of appeal from any order of the County Board of Equalization to the District Court of the same County, and right of appeal of either may be either upon questions of law or fact including value, or upon both questions of law and fact. In case of appeal the trial in the District Court shall be de novo, but no matter shall be reviewed by the District Court which was not presented to the Board in the Complaint filed with it.

"Notice of appeal shall be filed with the County Clerk as Secretary of the County Board of Equalization, which appeal shall be filed in the District Court within ten days after the final adjournment of the Board. It shall be the duty of the County Clerk to preserve all complaints and to make a record of all orders of the Board and both the complaint and orders shall be a part of the record in any case appealed to the District Court from the County Board of Equalization. * * *

"In such appeals to the District Court * * * it shall be the duty of the County Attorney to appear for and represent the County Assessor. * * * It shall be the mandatory duty of the Board of County Commissioners and the County Excise Board to provide the necessary funds to enable the County Assessor to pay the costs necessary to be incurred by him in perfecting appeals made by him to the Courts.

"In all appeals taken by the County Assessor the presumption shall exist in favor of the correctness of the County Assessor's Valuation and the procedure followed by him. Laws 1941, p. 324, § 42; Laws 1947, p. 419, § 8."

It was not the province of the District Court in this case to determine and adjudicate what the assessed value of the property should be in 1954, and it did not do so. That duty is fixed by statute on others.

The record in this case does not show any disposition of the appeal by the County Assessor to the District Court from the order of the Board of Equalization in fixing the assessed value of the property in question. The plaintiff in error states in his brief that the Assessor's appeal, not having been heard by the District Court at the time it was necessary for the Assessor to certify the 1954 tax rolls, the Assessor certified thereon his original assessed valuation of the taxpayer's property, and that the Assessor's appeal has not yet been determined.

The statute, 68 O.S.1951 § 15.49 provides that appeals from Boards of Equalization shall have precedence in the court to which taken. No proper judgment can be entered in the present proceeding until such time as the appeal by the County Assessor to the District Court from the Board of Equalization is disposed of.

The taxpayer, defendant in error in this action, was and is a proper party to the appeal by the County Assessor to the District Court, and as such has the right and duty to urge and obtain disposition of such appeal. He complains that he had no notice of the Assessor's action in extend-

ing his original valuation on the tax rolls until shortly before it was necessary to pay his taxes. He did have notice of the appeal, as notice to the County Clerk is notice to the taxpayer, and it was agreed the appeal was timely and properly perfected.

The intention of the Legislature, by the enactment of 68 O.S.1951 § 15.42, supra, was to provide for a speedy and adequate remedy by appeal to District Court by either party from the action of the Equalization Board.

■ The County Assessor, proceeding under this statute, perfected his appeal on the question of valuation, the appeal went to the District Court with a statutory presumption of the correctness of the Assessor's valuation.

■ We are aware of the presumption contained in section 15.49, Title 68 O.S. 1951 in favor of the Board of Equalization, but such presumption does not relate to correctness of valuation, and neither are final or conclusive but may be rebutted by competent proof. The 10 days allowed to file the appeal and giving such appeals precedence indicates an intention to provide for a prompt determination of the valuation and any other questions raised by the appeal.

All, as we view it, to make it possible for the appeal to the District Court to be finally determined before the taxes are due and payable.

■ We are further of the opinion that it was the intention of the Legislature, in amending the statute to give the Assessor the right of appeal on valuation, that the final valuation must first be determined and, indulging the statutory presumption hereinabove pointed out as to the correctness of the Assessor's valuation and the procedure followed by him in perfecting his appeal, that his action in this case was proper.

No cases to the contrary are cited and we have been unable to find any, and to hold otherwise would, in effect, as we view it, practically nullify the Assessor's right of appeal from the Board of Equalization.

The plaintiff in error suggests that the taxpayer in this proceeding, after payment of the tax, should have proceeded under Title 68 O.S.1951 § 15.48, and states that this court should construe the statute so as to make it apply in such cases, even though the language therein used does not specifically do so.

We do not agree with this contention, but do agree that the appeal of the County Assessor from the decision of the Board of Equalization on value had the effect of suspending said decision of the Board and left the original valuation as fixed by the County Assessor in effect until said appeal was determined and the final valuation fixed. As to why the appeal of the Assessor was not timely heard and determined in the six months before this case was filed, this record is silent. It does show, however, that such appeal was timely taken, and since it had not been determined when the taxes became due in December, 1954, we think the procedure followed by the taxpayer was proper in order to avoid any penalty for delinquency.

However, the fact remains that the final valuation for 1954 has not yet been fixed, so far as this record shows, and it must first be determined before any judgment can be rendered herein.

■ If the Assessor should prevail in his appeal and his original valuation be upheld Tulsa County would owe the taxpayer nothing. On the other hand, if the Board of Equalization's valuation is sustained, in whole or in part, the taxpayer would be entitled to judgment for the difference between the amount paid and the amount due under the new valuation.

Or, if for any reason the appeal is dismissed, the valuation fixed by the Board of Equalization would then become final, and judgment should then be rendered herein for the taxpayer, based on said final valuation.

Therefore, when the appeal of the County Assessor is disposed of and the assessed

value of the property of the defendant in error is finally determined and fixed, as provided by statute, and such fact presented to the District Court in this case, then the proper judgment may and should be entered herein based on such valuation.

We find and conclude that the trial court erred in sustaining the demurrer to paragraphs 4 and 5 of the defendant's answer and in rendering judgment for the plaintiff. This cause is, therefore, reversed and remanded with directions to grant defendant a new trial and proceed in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.